## COLLINS, a Minor v McCLURE

Ohio Appeals, 1st Dist, Clinton Co.

No. 123. Decided May 8, 1939

Hayes & Hayes, Wilmington, and Edwin C. Iliff, for appellee.

C. Luther Swaim, Wilmington, for appellant.

## OPINION

By MATTHEWS, J.

This is an action against the driver of an automobile for damages on account of personal injuries received by the plaintiff when an automobile in which she was riding as a guest collided with an abutment alongside the road in Ft. Mitchell in the state of Kentucky. The jury returned a verdict for the plaintiff for $1000.00, and judgment was entered on this verdict. The validity of this judgment is assailed on many grounds.

(1) The plaintiff alleged that under the law of Kentucky, the driver of an automobile was liable to a guest for any injury received by failure to exercise ordinary care. The case was tried on the theory that the law of Kentucky applied, the court giving special charges incorporating this standard of care, and in a special charge as well as the general charge stating that the law of Kentucky governed the rights of the parties. In the general charge are found quotations which the court stated were from various Kentucky statutes prescribing rules of the road. The court also stated that there was no guest law in Kentucky "such as we have in Ohio" and that the law of that state required the operator of an automobile to exercise ordinary care so as not to injure a guest, by failure so to do.

The defendant asked the court to charge the jury that he was not liable in the absence of wilfull or wanton misconduct. The court refused so to charge.

(1) The first error assigned which we notice, is that the law of Kentucky was not proven, or sufficiently proven.

When the bill of exceptions was filed originally, it contained no mention of the law of Kentucky either in the evidence or the certificate of the trial judge, although it was manifest from the special and general charges that the court had in some way been advised, or conceived that he had been advised, upon that subject. On motion to remand the bill this court ordered it returned to the trial court for correction, so that it would show whether the law of Kentucky had been proven. It was returned to this court with this certificate of the trial court attached:

"At sometime during the trial, the court cannot remember the exact time, Mr. Eldon Hayes, of counsel for plaintiff, came to the bench and said to the court: 'I want to introduce the law of Kentucky'. The code of Kentucky, in one large volume, was on the table, and the court said: 'Are you introducing the whole book?' Mr. Hayes replied: 'No, only those sections that relate to traffic on the roads', and named certain sections. The numbers the court cannot now remember, but does re-

member that certain numbers were mentioned. Afterwards the court took the book and from those sections drafted a part of its charge to the jury."

While this is not a direct and positive certification that the Kentucky law was introduced in evidence, the recital does show that the plaintiff did tender in evidence the law of Kentucky and that the court treated it as having been introduced. The instructions given certainly show what parts of the law were considered by the court as in evidence. It appears that the book which was on the table was used by the court and that he drafted from it all that part of his charge relating to the law of Kentucky Under such circumstances the informality of the manner of introduction, to which no objection was made at the time by the defendant, does not render ineffective that which the trial court considered sufficient at the time. We hold that the law of Kentucky stated in the instructions of the court had been introduced in evidence.

(2) It is urged though that the court should not have instructed the jury as to the law of Kentucky as law, but should have submitted the existence and meaning of the law of Kentucky as an issue of fact under proper instructions. The only evidence of the law of Kentucky before the court was the Code of Kentucky. Under §§11,-498 and 11499, GC, this was "presumptive evidence of such law." Notwithstanding this, however, if there are two or more items of evidence from which different conclusions might be drawn as to what the law of a sister state is, the jury must be permitted to draw that inference. Alexander v Pennsylvania Co., 48 Oh St 623, at 634. In all cases it is the duty of the court to construe the documents or items of evidence, evidencing the law of the sister state and instruct the jury as to their meaning. Id. 635. But where there is but one item, as in this

case, and this is made presumptive evidence, a situation is presented where there is no conflict or issue for the jury to determine and the sole duty devolves upon the court. In drawing the distinction between a presumption and an inference, it is stated in 17 O. Jur. 85, that: "A presumption, properly speaking, is a mandatory deduction resulting from a previously known and ascertained connection between the fact presumed and that fact from which the inference is made, without the intervention of any act of reason in the individual instance." By §§11498 and 11499, GC, the legislature has declared that there is a connection between the codes published by a sister state and the law of such state, and has made it mandatory upon both judge and jury to presume that such codes state the law.

For a discussion of the distinction between a presumption and an inference, see, Glowacki v Ry. & P. Co., 116 Oh St 451, at 459, et seq.

We find that a certain laxity is shown in failing to have the court reporter make a record of the introduction of the law of Kentucky, and also that, for some reason, the attention of counsel for the defendant was not drawn to it, but that counsel knew from the allegations of the petition and the entire course of the trial that the plaintiff was relying solely on the law of Kentucky, as a basis of recovery is clear, and that no prejudicial error is shown by what took place.

It should be noted here that the duty devolved upon the appellant to present a record showing affirmatively that error, prejudicial to him, had been committed. In the absence of such a record, it is the duty of this court to indulge the presumption of validity and regularity of the proceedings in the trial court. In Evans v Reynolds, 32 Oh St 163, relied upon by appellant, the foreign law was not proven. In the case at bar, we find that it was proven, but has not been incorporated in the bill of exceptions presented by appellant, except in so far as it appears in

the instructions of the court. The appellant cannot secure a reversal because of an insufficiency or informality in the bill of exceptions.

(3) The plaintiff's injuries were sustained in a collision of the automobile with an abutment by the side of the highway. This collision, it was alleged, was caused by the negligence of the defendant in operating the automobile at an excessive speed and in failing to retain proper control and guidance of it, so that he drove it against the abutment. The plaintiff introduced evidence to prove that this resulted from the defendant falling asleep at the wheel—and there was no denial of that fact.

At the request of the plaintiff, the court gave the following special charges, to which the defendant excepted:

## No. 1.
"The evidence shows that the defendant had been at work during Saturday, March 12th and that he had been awake all that day and until shortly before the accident which occurred about six o'clock Sunday morning the 13th.

"I charge you that if you find from the evidence that he was asleep at the time of the crash, that he should have stopped when he felt drowsy. **Ordinarily,** sleep does not come unheralded. If defendant continued to drive when he recognized the near approach of sleep, that furnished proper basis for inference of negligence."

## No. 2.
"In order that negligence may be a ground of recovery for injury, it must appear that the negligence complained of was the proximate or direct cause of such injury, that is the negligent act or condition and the injury must stand in the immediate relation of cause and effect. A proximate cause, in other words, is that cause which directly produces an injury and without which the injury would not have occurred.

"The court therefore says to you as a matter of law that the term 'proximate cause' is meant that cause which

in a natural and continued sequence contributes to produce the result, without which said result would not have happened.

"Thus, if you find from the evidence that the defendant McClure fell asleep while driving and the automobile in question left the highway and collided with a pole or concrete abutment and the plaintiff Collins was injured and she, the plaintiff did not in any manner do any act or thing which contributed to said collision then the act of the defendant McClure in failing to keep awake while driving would be the proximate cause of the injury received and suffered by plaintiff Martha Collins."

## No. 4.
"I charge you that if you find from the evidence that the defendant, Everett McClure, voluntarily put himself in such a physical condition that he, because of lack of sleep, could not stay awake, and that he fell asleep while driving the automobile in question and it left the highway and collided with a stone abutment at the intersection of Maple Avenue and the Dixie Highway in the town of Fort Mitchell in the State of Kentucky, then he, the said Everett McClure was guilty of negligence."

## No. 6.
"I charge you that it is the duty of the driver of a motor vehicle to keep awake or cease to drive on and/or over a public highway. Failure to do so is prima facie evidence of negligence; therefore, if you find from the evidence that the defendant Everett McClure fell asleep while driving the automobile in question, and while he was in that physical condition the automobile left the highway and collided with a stone abutment and the plaintiff suffered the injuries complained of, and you further find from the evidence that the plaintiff Martha Collins was not guilty of negligence which directly contributed to produce the collision, then your verdict should be for the plaintiff."

We find the first of the quoted charges erroneous, in that it contains comment upon the evidence and is an invasion of the province of the jury.

The failure to keep awake which the court, in the plaintiff's second special charge, instructed the jury would be the proximate cause, if found to exist, was a proper item of evidence from which an inference might or might not be drawn by the jury that the defendant was negligent, as alleged, and that such negligence was or was not the proximate cause; but it was not the negligent act alleged as the proximate cause of the plaintiff's injuries. Indeed the special charge is not predicated upon the hypothesis that the jury would find that the failure to keep awake was negligent under the circumstances. The injuries were received in the collision of the automobile with the abutment. The trial was a search to determine whether that collision resulted from the alleged negligent act or acts of the defendant. To select an omission to illustrate the application of the rule of proximate cause, regardless of whether the omission was a negligent one, is confusing and misleading, and erroneous.

The next special charge, referring to the legal consequences of going to sleep at the wheel, is erroneous, because it also invades the province of the jury. It is not a question of whether the defendant by voluntary exertion so exhausted himself that he fell asleep, but whether under all the circumstances he was negligent in losing or relinquishing control of the automobile. That that question is one of fact for the jury, and not one of law for the court, is decided in Bushnell v Bushnell, 103 Conn. 583, at page 592. See also 5 Am. Jur., page 882, sec. 688.

The last special charge quoted required the jury to find for the plaintiff if it found that the automobile collided with the abutment while defendant was asleep, provided it also found plaintiff's own negligence did not directly contribute to her injuries. For the reasons already stated, this was erroneous.

(4) The special charge requested by the defendant incorporating the law of Ohio relating to the liability of the operator to a guest was properly refused. His charge on contributory negligence, like the plaintiff's charge on negligence, was erroneous, because it invited an invasion of the province of the jury by stating as law a permissible inference of fact only.

(5) In the general charge the court said:

"The law of Kentucky with reference to speed on the public highways is as follows: 'No operator of a vehicle upon a public highway shall drive at a greater speed than is reasonable or proper, having regard for the traffic and the use of the highway. Provided (1) where a highway passes through a closely built up busines portion of any city, or town, if the rate of speed of passing automobiles thereon exceeds fifteen miles per hour it shall be prima facie evidence of unreasonable and improper driving. (2) Where a highway passes through a residence portion of any city or town, or around any sharp curve, if the rate of speed of passing automobiles exceeds twenty miles an hour it shall be prima facie evidence of unreasonable and improper driving.'

"Another section of the Kentucky statutes is as follows: 'Every operator of an automobile or bicycle, when approaching a curve or an obstruction to the view on a public highway which prevents a clear view for a distance ahead of one hundred and fifty feet, shall hold said automobile or bicycle under control and shall give warning by horn or other sound device of his approach.' "

Now while the lex loci delicti is applied to determine whether a liability has been incurred, the rules of procedure are determined by the law of the forum, and the law of evidence is a part of the law of procedure.

A statute declaring what inferences shall be drawn from proven facts and what will constitute a prima facie case is a statute of evidence and is not a substantive statute fixing liability. Such a law of a state is not applied in the courts of other states.

The question still remains as to whether this was prejudicial to the defendant. A comparison of the law as charged with the law of Ohio (§12603, GC) discloses that slightly different rules are prescribed, but that difference was entirely immaterial when applied to the admitted facts. There was no evidence indicating that the defendant's automobile was passing another automobile, or that any such circumstances had anything to do with the collision. That variance could have had no effect on the action of the jury. Following that, the court correctly charged the Ohio rule of twenty miles per hour in going through the residence portion of a municipality. Then the court charged on the duty when the view was obstructed: "The assured clear distance" rule in Ohio requires the operation of the automobile at a speed not greater than will permit the stopping of the vehicle within the assured clear distance ahead, whether that be one hundred and fifty feet, as charged, or more. The charge as to the duty to sound a horn could have resulted in no prejudice.

There was no serious dispute as to the rate of speed. The defendant testified that the speed as they entered Fort Mitchell was between 35 and 40 miles per hour, and that he did not remember the speed after that. On his own admission, therefore, he was exceeding the speed limit no matter which law was applied, and that would be prima facie a negligent rate of speed.

While the court should have charged on this subject in accordance with the law of Ohio and in failing to do so it committed error, the error was not of a prejudicial character.

We find no other error in the record. For the reasons stated the judgment is reversed, and the cause remanded for further proceedings.

HAMILTON, PJ. & ROSS, J., concur.